BOARDMAN, Acting Chief Judge.
This is a petition for writ of certiorari to review an administrative order issued on May 22, 1974, by the Board of Business Regulation, Department of Business Regulation, State of Florida (Board) revoking the alcoholic beverage licenses of the petitioner, Deep South Plantation Foods, Inc. (petitioner).
The facts are without substantial dispute. Petitioner owned two beverage licenses, one located in the City of St. Petersburg, the other in the City of Tampa. James Donofrio, who was a one-third owner of the petitioner, was also a'n officer and director. In January, 1971, Mri Donofrio was convicted in the United States District Court, Tampa Division, of the criminal offense of felon in possession of firearms. His conviction was subsequently reversed by the United States Circuit Court of Appeals, Fifth Circuit. During the time Don-ofrio was incarcerated, approximately one year, he continued as a stockholder and director of petitioner. In April, 1971, the two other stockholders, Tom Whitaker and Robert Rodriguez, began efforts, without success, to buy Donofrio’s stock or sell him their interest in the corporation. In Au *132 gust, 1972, Whitaker sold his one-third interest in petitioner to one Pat Matassini.
The majority stockholders attempted to dissolve the petitioner, although Donofrio still owned a one-third interest in the corporation. In October, 1972, Matassini and Rodriguez exercised their majority voting rights and entered into a contract to sell the assets and liabilities of petitioner to Pat-Bob, Inc., a Florida corporation owned in equal parts by both men. There is no serious dispute that Mr. Matassini, at the time he purchased a one-third interest in the petitioner, knew that both Donofrio and Rodriguez had been convicted of a felony. After the formation of Pat-Bob, Inc., Mr. Rodriguez sold his interest in the corporation. Mr. Matassini then persuaded Carlos Lizarralde, his partner in another business venture, to replace Rodriguez in Pat-Bob, Inc. The Beverage Division of the Department of Business Regulation (respondent) did not process this sale, that included transfer of the licenses of petitioner, pending disposition of the administrative hearing to be held before the Director, Winston W. Wynne, of the Beverage Division. On February 23, 1973, Donofrio was convicted of two felonies in the United States District Court, Tampa Division.
On March 30, 1973, the respondent served upon the petitioner a notice to show cause why the alcoholic beverage licenses of petitioner should not be revoked predicated upon the latter two felony convictions of Donofrio.
After proper notice, a hearing was commenced on May 4, 1973, before the Director of the respondent. During the hearing, a proposed stipulation was entered into by and between counsel for respondent and counsel for petitioner whereby the petitioner would sell the business, including the licenses, to Pat-Bob, Inc. The hearing was continued pending approval of this proposed stipulation by the Director. By letter dated June 26, 1973, the Director advised petitioner that the proposed stipulation was rejected. The petitioner was advised in said letter that a second hearing would be held on the pending matter July 10, 1973. On August 14, 1973, after due consideration, the respondent entered an order revoking petitioner’s alcoholic beverage licenses. Petitioner appealed this order to the Board of Business Regulation which affirmed the action of the respondent. This petition for writ of certiorari followed.
The authority for the revocation of an alcoholic beverage license is found in Florida Statutes, Section 561.29(1) (a) and (b) and reads as follows:
(1) The division of beverage is given full power and authority to revoke or suspend the license of any person holding a license under the beverage law, where it is determined or found by the division upon sufficient cause appearing of:
(a) Violation by the licensee, his or its agents, officers, servants or employees, on the licensed premises, or elsewhere while in the scope of employment, of any of the laws of - this state, or of the United States, or violation of any municipal or county regulation in regard to the hours of sale, service or consumption of alcoholic beverages, or engaging in or permitting disorderly conduct on the licensed premises, or permitting another on the licensed premises to violate any of the laws of this state or of the United States.
(b) Violation by the licensee, and, if a corporation, by any officers thereof, of any laws of this state, or any state, or territory of the United States.
Petitioner has raised two points on this review. The first presents a novel question and merits discussion:
Whether the Division of Beverage has the statutory authority to revoke two beverage licenses of a corporate licensee for violation of a law of the United States by a corporate officer when the violation is *133 not committed on the licensed premises or elsewhere while in the scope of employment?
Petitioner contends that the revocation of petitioner’s licenses was based on-the violation of the provisions of Florida Statutes, Section 561.29(1) (b). Petitioner further contends that in order to revoke a license under this section it must be proved that the corporate officer violated a state law or a law of a territory of the United States. In the instant case, Donofrio, as indicated above, was convicted of two felonies in violation of the laws of the United States. To adopt this position of petitioner for reversal is to construe the word “territory” as used in the statute, supra, to be a separate political subdivision, distinct from a state. In Cunard Steamship Co. v. Mellon, 262 U.S. 100, 43 S.Ct. 504, 67 L.Ed. 894 (1923), the United States Supreme Court said:
Various meanings are sought to be attributed to the term “territory” in the phrase “the United States and all territory subject to the jurisdiction thereof.” We are of opinion that it means the regional areas — of land and adjacent waters — over which the United States claims and exercises dominion and control as a sovereign power. .
It now is settled in the United States and recognized elsewhere that the territory subject to its jurisdiction includes the land areas under its dominion and control, the ports, harbors, bays, and other inclosed arms of the sea along its coast, and a marginal belt of the sea extending from the coast line outward a marine league, or 3 geographic miles.

Therefore, it can be reasonably concluded that the word “territory” has been considered susceptible of various interpretations, that is it does not have a fixed and technical meaning that must be accorded to it in all circumstances. It has been held that the word “territory” as used in statutory construction may have a different meaning depending not only on a consideration of the word itself, but by considering, as well, the context, the purposes of the law, and the circumstances under which the word is employed.
If we should adopt petitioner’s reasoning, a corporate officer convicted of a misdemeanor under state law would be subject to revocation under Florida Statutes, Section 561.29(1)(b), whereas a corporate officer convicted of a felony against laws of the United States would not be subject to revocation proceedings. An overview of the language in the Chapter, supra, cannot be reasonably interpreted and construed to uphold the petitioner’s position. Surely the legislature in its wisdom did not intend to produce absurd results or ridiculous conclusions. In construing Florida Statutes, Section 561.29(1) (b) as we do the end result is logical and comports with common sense. Therefore, we hold the respondent has the statutory power to revoke petitioner’s licenses.
With reference to petitioner’s second contention, we briefly pause to state that there is substantial, competent evidence in the record to sustain the order of the Board. As to petitioner’s claim of hardships and inequity if not accorded the relief sought, we need only mention the finding of fact made by the respondent, which provide in pertinent part:
6. At the time of the purchase by Matassini of the one-third stock interest from Whittaker, (sic) Matassini was aware of the possibility that the licenses were impaired or were in a present danger of becoming impaired.
7. . The attorney for Mr. Matassini and Mr. Lizarralde argued to the Director that it would be inequitable to disapprove such transfer and to revoke the license because it would penalize an innocent third party to wit: Mr. Matassini. However, as related above, the Director finds that Matassini pur *134 chased his interest in the corporate licensee with knowledge of the impairment of the qualifications of such corporation to hold such license at the time of the purchase, or with the understanding that there was a substantial possibility of imminent impairment. Mr. Matassini is also the owner of, or has an interest in, several beverage licenses and is conversant with the beverage laws.
Accordingly, the petition for writ of cer-tiorari is
Denied.
GRIMES and SCHEB, JJ., concur.