SCHWARTZ, Chief Judge
(dissenting in part).
This is a hard case which I am afraid has made the kind of law such cases proverbially do. While I agree philosophically that the innocent Mr. Stripling should not be deprived of his rights in the license in question here, I do not believe that the court’s attempt to effect that result, by ordering its automatic reissuance to him alone, may be sustained under the law. The fact is that one of the two named principals, Ol-hausen, to whom the license was issued was himself guilty of serious offenses which fully justified and even required that the license be revoked. See § 561.- *517 29(l)(b), (f), Fla.Stat. (1981). Since a revocation proceeding is in essence an in rem action against the license itself as a species of property, see 2 Fla.Jur.2d Alcoholic Beverages § 17 (1980), I know of and the majority has cited no authority for the proposition that anything other than the license itself, as opposed to a holder of a particular interest in it, may be the subject of discipline. See Deep South Plantation Foods, Inc. v. Wynne, 317 So.2d 131 (Fla. 2d DCA 1975), cert, denied, 330 So.2d 16 (Fla.1976) (upholding revocation because of criminal conviction of one officer of corporate licensee).[1] Yet that is what the court has done.
In my view, the only types of “relief” available to Stripling, a good guy who made the mistake of securing a license in joint names with a bad one, are those already offered by the division: (a) its consideration of any future application he makes for a new and different license without reference to the instant case and (b) the approval of any transfer from Olhausen to Stripling of his interest in this license upon which the two could agree; in fact, negotiations for the accomplishment of the latter result were attempted without success. In contrast, however, the court has not only relieved Olhausen of his interest in the license — which is an eminently just result— but has in effect ordered it turned over to Stripling without his paying for it[2] — which is not. While we all recognize the absence of his personal guilt, I find no basis for permitting Stripling actually to reap a profit by his knowing association with a miscreant.
Because I believe that, under the circumstances, a binding and final revocation of the license per se is the only legally permissible resolution of this difficult problem, I would affirm the order under review without qualification.

. Of course an innocent's vicarious responsibility for the actions of a wrongdoer arises out of so wide a variety of relationships — including, for example, those between partners, employers and employees, and the owners and drivers of motor vehicles — that the principle is ' a legal commonplace. It is not shocking, therefore, that Stripling should be required to suffer a loss because of what Olhausen has done.

. Except for any fees required by the state.